JS - 6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07165 RGK (PLAx) | Date | December 11, 2009 |
|---|---|---|---|
| Title | AYU'S GLOBAL TIRE, LLC v. SUMITOMO CORP., et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sheila English | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Plantiff's Motion to Remand (DE 18) and Defendants' Motion to Dismiss (DE 8)

## I.  INTRODUCTION

On August 28, 2009 Ayu's Global Tire, LLC and Ayele Hailemariam ("Plaintiffs") filed suit against Sumitomo Corporation, Sumitomo Corporation of America, Big O Tires, LLC ("Big O"), TBC Corporation, Rick Castro, Roger Anderson and Duana Freshknock (inclusively, "Individual Defendants")(collectively, "Defendants")  in Los Angeles County Superior Court. The Complaint alleges the following claims: (1) Declaratory Relief; (2) Rescission of Contract; (3) Breach of Written Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Violation of Robinson-Patman Act; (6) Interference with Existing Economic Relations; (7) Fraud in the Inducement; (8) Violation of Cal. Unfair Business Practices Act; (9) Negligent Misrepresentation; (10) Negligent Hiring, Firing and Supervision; (11) Violation of Cartright Act; and (12) Violation of Cal. Business and Professions Code, Section 17200, et seq.

On October 10, 2009, Defendants removed the case to federal court. Presently before the Court is Plaintiff's Motion to Remand and Defendants' Motion to Dismiss. For the following reasons, the Court **grants** Plaintiff's motion and **denies as moot** Defendants' motion.

## II.  FACTUAL BACKGROUND

This action arises out of a franchise agreement between Plaintiff, a California citizen, and Big O ("Agreement"). Pursuant to the Agreement, Plaintiff was to open a Big O tire store and receive assistance from Big O in selecting a location for the store and initial inventory. The Individual Defendants, who are California citizens, are Big O employees who directly provided that assistance. Plaintiff alleges that Defendants made material misrepresentations regarding, among other things, the following: (1) Big O's advertising program; (2) the pricing and selection of inventory; (3) the

appropriate equipment to purchase, the level of experience necessary to succeed in the business; and (4) the market share and gross profits Plaintiff could expect to receive. Plaintiff further alleges that, due to his inexperience, he justifiably relied on Defendants' misrepresentation and suffered resulting injury.

### III.    JUDICIAL STANDARD

#### A.    Removal Jurisdiction And Motion to Remand

28 U.S.C. § 1441(b) allows a party to remove an action to federal court only if none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1446(b) further provides that a case which is not removable under the original complaint may become removable if plaintiff amends the complaint to create diversity. In such a case, defendant's right to remove arises once he is put on notice of the amended pleading. *Id*. Notwithstanding, the defendant must remove the action based on diversity grounds within one year after the action was filed. *Id.* However, if at any time before final judgment the district court lacks subject matter jurisdiction, the district court has the authority to remand the case to state court either *sua sponte* or on motion of either party. 28 U.S.C. § 1447(c).

#### B.    Fraudulent Joinder

It is well-settled that a fraudulently joined defendant does not defeat diversity jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id*. (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). To determine whether the named defendant is a fraudulently joined "sham defendant," the Court will go further than a mere examination of the pleadings and will allow the defendant seeking removal to present facts showing the joinder to be fraudulent. *Ritchey*, 139 F.3d at 1318 (quoting *McCabe*, 811 F.2d at 1339). The defendant seeking removal bears the burden of demonstrating fraudulent joinder. *See Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000).

To satisfy its burden of showing fraudulent joinder, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Furthermore, while the removing party is entitled to present facts showing that the joinder is fraudulent, "[t]he district court, however, must resolve all questions of fact in favor of the Plaintiff." *Id*.

### IV.    DISCUSSION

Defendants removed the action to federal court on the ground this Court has jurisdiction. Specifically, Defendants assert that Plaintiff's claim under the Robinson-Patman Act, 15 U.S.C. § 13A, invokes this Court's jurisdiction. As an alternative basis for jurisdiction, Defendants also contend that the Individual Defendants are sham defendants without whom complete diversity exists.

As an initial matter, the only claim that invokes federal question jurisdiction is Plaintiff's claim under the Robinson-Patman Act. In his motion, Plaintiff concedes that he does not have standing to assert such a claim against Defendants, and accedes to dismissing that claim. Therefore, the only remaining basis for removal jurisdiction is complete diversity of citizenship, and the Court's analysis will address only this issue.

According to Plaintiff's Complaint, all parties except the Individual Defendants are non-California citizens. Therefore, if the Court determines that the Individual Defendants have been fraudulently joined, then complete diversity exists, giving this Court subject matter jurisdiction. For the following reasons, the Court finds that the Individual Defendants are not sham defendants, named solely for the purpose of defeating diversity jurisidiction.

In his Complaint, Plaintiff alleges that the Individual Defendants "acted for their own individual benefit and advantage as well as for the benefit and advantage of their employer with respect to the conduct alleged . . .." (Compl. ¶ 6.) While undisputed that the Individual Defendants were not parties to the Agreement, Plaintiff alleges two intentional tort claims against all defendants: (1) Interference with Existing Economic Relations, and (2) Fraud in the Inducement. (*See* Compl. ¶¶52-62.) Looking to the Complaint only, it appears that the facts alleged against the Individual Defendants are somewhat general. However, based on the circumstances presented by the facts, the Court does not find that such claims cannot, as a matter of law, be stated against the Individual Defendants. *Cf. McCabe*, 811 F.2d at 1339.

As stated above, the Court is not limited only to the face of the Complaint, and may look to facts outside the Complaint to determine this issue. The burden lies on Defendants to present any facts that sufficiently show fraudulent joinder. Defendants have failed to satisfy their burden. In the Opposition, Defendants' argument rests primarily on case law stating that personal advantage or gain must be over and above ordinary professional fees earned as compensation from an employer. (Defs.' Opp'n at 7:15-25.) Defendants then argue that Plaintiff failed to allege the Individual Defendants received any such advantage from their alleged conduct. (Defs.' Opp'n at 7: 25-27.) The Court finds Defendants' argument unavailing. First, Defendants' argument assumes that any advantage received by the Individual Defendants must have been from Big O, an assumption unsupported by the allegations.[1] Second, Defendants' assertion goes to the merits of the claims alleged against the Individual Defendants. Whether the those claims are, in fact, meritorious is a determination to be made by the court with proper jurisdiction. In this case, the court with proper jurisdiction is the state court from where this case was originally removed.

## V.    **CONCLUSION**

Based on the foregoing, the Court **grants** Plaintiff's Motion to Remand. In light of this ruling, Defendants' Motion to Dismiss is **denied as moot.**

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | | se |

---

[1] The Court notes that, according to Plaintiff, the Individual Defendants advised Plaintiff as to the best location for the store, and the amount and type of inventory and equipment to purchase. (Compl. ¶¶ 20; Hailemariam Decl. ¶¶ 7 and 10.) It is unclear who stood to gain from those selections/purchases. Moreover, it is not implausible that the Individual Defendants' financial gain, if any, may have come from sources other than Big O.